UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKVIEW EDGE PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD JOHN DICKSON,<br><br>Defendant. | No. 2:15-cv-00003-JAM-AC<br><br><br><br>ORDER |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). On January 5, 2015, defendant removed this matter from Sacramento Superior Court. ECF No. 1. On January 19, 2015, plaintiff filed a motion to remand arguing the court lacks subject matter jurisdiction over this matter. ECF No. 5. A day later, plaintiff filed an amended motion to remand. ECF No. 8. On February 9, 2015, the court issued an order continuing the hearing on plaintiff's motion to remand due to defendant's failure to timely file an opposition. ECF No. 9. On February 11, 2015, the court issued an amended order giving defendant until February 18, 2015, to file an opposition. ECF No. 10. The order warned defendant that failure to file an opposition and appear at the hearing would be deemed as a statement of non-opposition and would result in this action being remanded. Id. Both parties have consented to the undersigned's jurisdiction in this matter pursuant to 28 U.S.C. 636(c)(1). ECF Nos. 4 & 7.

Local Rule 230(c) provides that opposition to the granting of a motion must be filed

1

fourteen (14) days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Defendant has not filed an opposition to plaintiff's motion to remand. Defendant's failure to oppose will therefore be deemed a waiver of opposition to the granting of the motion. Accordingly, plaintiff's motion to remand will be granted.[1]

Even if defendant had timely opposed remand, the court finds this case should be remanded for lack of subject matter jurisdiction. Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the Sacramento County Superior Court. ECF No. 1 at 11–13. The complaint contains a single claim for unlawful detainer, which explicitly requests damages under $10,000. Id. at 11. In defendant's removal notice, he asserts that federal question jurisdiction exists because plaintiff has violated the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201. Id. at 2–3. Specifically, defendant alleges that plaintiff failed to comply with the act's ninety (90) day notice requirement

---

[1] Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

2

of any proposed eviction.  Id.

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court.  See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042–43 (9th Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to remand, ECF No. 8, is GRANTED.  This action is remanded to Sacramento County Superior Court.

DATED:  February 27, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE